

NAME **Terry Hurn**

PRISON NUMBER **J-90989**

CURRENT ADDRESS OR PLACE OF CONFINEMENT **Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA. 93960-0689**

CITY, STATE, ZIP CODE
**Soledad, CA. 93960-0689**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**TERRY HURN,**

(FULL NAME OF PETITIONER)

                     **PETITIONER**

v.

**BEN CURRY, Warden (A),**

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

                     **RESPONDENT**

     **and**

The Attorney General of the State of
California, Additional Respondent.

Civil No. _____

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

'07**CV** 2067 H     **PCL**

### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
**San Diego County Superior Court**
**San Diego, CA.**

2. Date of judgment of conviction: **December 7, 1995**

3. Trial court case number of the judgment of conviction being challenged: **SCD110490**

4. Length of sentence: **35 years to life**

CIV 68 (Rev. Dec. 1998)

::ODMA\PCDOCS\WORDPERFECT\22833\1

5. Sentence start date and projected release date: January 5, 1996/Unk.

6. Offense(s) for which you were convicted or pleaded guilty (all counts): Residential burglary.

7. What was your plea? (CHECK ONE)  Not guilty

   (X) Not guilty

   (b) Guilty

   (c) Nolo contendere

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

   (x) Jury

   (b) Judge only

9. Did you testify at the trial?

   Yes     X No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?

   X Yes     No

11. If you appealed in the **California Court of Appeal**, answer the following:

   (a) Result: Conviction Affirmed.

   (b) Date of result, case number and citation, if known: April 17, 1997 #D025195

   (c) Grounds raised on direct appeal: Violation of 6th and 14th Amendments Trial court failed to exercise informed discretion regarding motion to strike priors.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

   (a) Result: Review denied

   (b) Date of result, case number and citation, if known: Unk.

   (c) Grounds raised:  Same as on appeal.

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   (a) Result:

   (b) Date of result, case number and citation, if known:

   (c) Grounds raised:

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

   X Yes   No

15. If your answer to #14 was "Yes," give the following information:

   (a) **California Superior Court** Case Number:  HC 18565/SCD 110490

   (b) Nature of proceeding:  Habeas Corpus

   (c) Grounds raised:
      1. Trial court's determination that the Petitioner's 1990 conviction was a serious felony for the purposes of §667(b)-(i) breached the Petitioner's contract in violation of the Fourteenth Amendment due process clause.

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
     Yes   X No

   (e) Result:  Petition denied.

   (f) Date of result: August 10, 2006

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

   X Yes   No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: D049321

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:
    1. Breach of contract; 2. Trial court's decision to deny the instant petition is in error and contrary to clearly established Claiforina law pertaining to contracts.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e) Result: Petition denied.

    (f) Date of result: November 29, 2006

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    X̶e̶s̶    No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: S148952

    (b) Nature of proceeding: Habeas Corpus

    (c) Grounds raised:
    1. Breach of contract; 2. Trial court's denial violation of clearly established law pertaining to contracts; 3. Appellate court failed to construe and review plea bargain in accordance w/state law of contracts.

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e) Result: Petition denied

    (f) Date of result: June 13, 2007

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    **X**Yes   No   (IF "YES" SKIP TO #22)
  (a) If no, in what federal court was the prior action filed?
    (i) What was the prior case number? _____
    (ii) Was the prior action (CHECK ONE):
        ☐ Denied on the merits?
        ☐ Dismissed for procedural reasons?
    (iii) Date of decision: _____
  (b) Were any of the issues in this current petition also raised in the prior federal petition?
    ☐ Yes ☐ No
  (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
    ☐ Yes ☐ No

## CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

### GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

    (a) **GROUND ONE**: Trial court breached Petitioner's contract in violation of the Fourteenth Amendment due process clause.

**Supporting FACTS** (state *briefly* without citing cases or law)

See Attached Memorandum

**Did you raise GROUND ONE in the California Supreme Court?**
    XXes  No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?

    X̶X̶es    No

24. If your answer to #23 is "Yes," give the following information:

    (a) Name of Court: _____

    (b) Case Number: _____

    (c) Date action filed: _____

    (d) Nature of proceeding: _____

    _____

    (e) Grounds raised:

    _____

    _____

    _____

    _____

    (f) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: Cynthia Kay Bolden,
                               233 A Street, suite 400
                                San Diego, CA. 92101

    (b) At arraignment and plea:

                         Same as Above

    (c) At trial:

                         Same as above

    (d) At sentencing:

                         Same as above

    (e) On appeal:David L. Kelly 8996 Mirmar Rd. ste.300, San Diego,
                   CA. 92126

    (f) In any post-conviction proceeding:
                         None

    (g) On appeal from any adverse ruling in a post-conviction proceeding:

                     None

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
   Yes   N̶o̶

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
   Yes   N̶o̶
   (a) If so, give name and location of court that imposed sentence to be served in the future:
   _____
   _____

   (b) Give date and length of the future sentence: _____
   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes   ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:
   _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
                              SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

10/22/07 _____
   (DATE)                              SIGNATURE OF PETITIONER

**MEMORANDUM**

**GROUND ONE**

**THE TRIAL COURT BREACHED THE PLEA
AGREEMENT IT MADE WITH THE PETI-
ONER IN VIOLATION OF THE FOURTEENTH
AMENDMENT DUE PROCESS CLAUSE.**

**STATEMENT OF FACTS:**

On May 15, 1990, in San Diego County Superior Court #F130765 the Petitioner entered into a plea agreement with the state for residential burglary. The Petitioner agreed to a six year sentence with **ALL** enhancements dismissed. There was no agreement that the conviction was for a serious felony, nor that it could be used for any future purposes. However, after the Petitioner signed and initialed the agreement, the state added the additional conseque-nce that the conviction would be considered a §667(a) prior ser-ious felony enhancement (5 yr. prior). And in 1996, the current court used the 1990 prior as a "Strike" in order to enhance the Petitioner's sentence to 35 years-to-life under the three strikes law.

**SUPPORTING CASES, RULES, AND AUTHORITIES:**

Once the court approves a plea bargain, both sides are bound to the terms of the bargain (People v. Nelson (1987 194 Cal. App. 3d 77, 79 [defendant is bound by the terms of his plea ag-reement]; People v. Mancheno, supra, 32 Cal. 3d p.860 [the People

#

#

#

1

1  bound by the terms of the plea agreement]).

2        "[T]he Supreme Court has... recognized that due process applies

3  not only to the procedure of taking the plea, but the requirements

4  of due process attached also to implementation of the bargain itself."

5  (People v. Walker (1991) 54 Cal. 3d 1013, 1024).

6        "[W]hen a guilty plea is entered in exchange for specific

7  benefits such as ... an agreed upon maximum punishment, both parties,

8  including the state, must abide by the terms of the agreement.

9  The punishment may not significantly exceed that which the parties

10  agreed upon." (People v. Walker, supra, 54 Cal. 3d at 1024). [t]he

11  variance must be 'significant' in the context of the plea bargain

12  as a whole to violate the defendant's rights." (People v. Walker,

13  supra, 54 Cal. 3d at p. 1024). There can be no doubt in the instant

14  case that the 35 year to life sentence the petitioner received

15  after the trial courts use of his 1990 plea agreement as a serious

16  felony (strike), when it was not agreed to that the conviction

17  would be for a serious felony exceeded significantly the punishment

18  the parties agreed upon and violated the petitioner's rights.

19        Recently, in Buckley v. Terhune, 441 F.3d (9th Cir. 2006 en

20  banc) the court affirmed the fact that a criminal defendant has

21  a due process right to enforce the terms of his plea agreement

22  (Id. at 694)(Santobello v. New York, 404 U.S. 257, 261-62 (1971);

23  See also Brown v. Poole, 337 F.3d 1158-59 (9th Cir. 2003)("[T]he

24  defendants'] due process rights conferred by the federal Constitution

25  allow [him] to enforce the terms of the plea agreement."); People

26  v. Mancheno, (1982) 32 Cal. 3d 855, 860 (Due Process requires that

27  the defendant be granted specific performance of the terms of the

28  plea agreement).

2

1   Again, in <u>Buckley</u> the court, in discussing plea agreements,

2   affirmed that in California "[a] negotiated plea agreement is a

3   form of contract, and it is interpreted according to general contract

4   principles", (People v. Shelton, 37 Cal. 4th 759, 767 (2006), and

5   "according to the same rules as other contracts", (People v. Toscano,

6   124 Cal. App. 4th 340, 344 (2004)(cited with approval in Shelton

7   along with other California cases to same effect dating back to

8   1982). Thus under <u>Adamson</u> (1987) [483 U.S.], California courts

9   are required to construe and interpret plea agreements in accordance

10  with state contract law (Buckley v. Terhune (2006) 441 F.3d at

11  695). However, the state in the instant case, just as in <u>Buckley</u>,

12  failed to construe and interpret the petitioner's 1990 plea agreement

13  in accordance with contract law before it determined that the 1990

14  conviction was a serious felony within the meaning of 1192.7(c).

15  In fact, the court failed to even consider the validity of the

16  plea agreement from 1990. And just like in <u>Buckley</u>, where the court

17  granted him relief, so also must the court in  this case grant

18  the petitioner relief for the same failure (Id. at 694-695).

19    In relation to contracts in California, <u>Buckley</u> held that

20  "[a]ll contracts, whether public or private, are to be interpreted

21  by the same rules.... (Id. at 695)(Cal. Civ. Code §1635; see also

22  Shelton, 37 Cal. 4th at 766-67; Toscano, 124 Cal. App. 4th at 344).

23  Thus in accordance with the established line of authority, the

24  petitioner's 1990 plea bargain is a contract and must be interpreted

25  and construed according to contract law. And when the petitioner

26  agreed to admit to the priors in the instant case, he was simply

27  agreeing that he had suffered the priors, not that the 1990 prior

28  plea agreement was not breached

**THE THREE STRIKES LAW**

1

2      Penal Code 667(d)(1) reads in pertinent part "[t]he determination

3 of whether a prior conviction is a prior felony conviction for the

4 purposes of subdivision (b) to (i), inclusive shall be made upon

5 the date of that prior conviction."

6      The plain wording of the phrase in section 667(d)(1), as applied

7 to the instant case, is that when the petitioner was convicted and

8 sentenced in 1990, at that time the court was supposed to determine

9 if his prior conviction was a prior serious felony conviction. This

10 does not fall into the category of a collateral consequence advisement.

11 Rather, it is an inseparable cog in a sentencing scheme. It is a

12 statutorily mandated direct consequence that must be advised of

13 for the plea to be valid (Corley v. DMV (1990) 222 CA 3d 72, 77,

14 271 CR 406). However, in the case of a plea bargain where the con-

15 viction is not intended to be a serious felony conviction, this

16 consequence would not be a part of the terms, as is the case in

17 the situation at bar.

18      Nevertheless, despite the plain and clear wording in the statute,

19 trial court in 1996 forsook the petitioner's 1990 plea agreement

20 and determined that the 1990 prior qualified as a prior serious

21 felony conviction for the purposes of subdivision (b) to (i). In

22 order to circumvent the legislative intent of the Three Strike Law,

23 courts have relied on cases such as People v. Green (1995) 36 Cal,

24 App. 4th 281-282 42 Cal. Rptr. 2d 249. The Green Court interpreted

25 the phrase in section 667 (d)(1) that "[t]he determination [as to

26 whether a prior offense qualifies as a 'strike'] ... shall be made

27 upon the date of that conviction to mean that the court is presently

28 required to look backward to see if, at the time of the conviction

4

1    of the past offense, such past offense qualified as a serious or

2    violent offense (Id. at 281-282). This is an unreasonable interpre-

3    tation and application of the actual statute. Language has been

4    omitted and added that the authors of the law did not intend, thereby

5    altering the intent of the Legislature.

6        In People v. Harper, 135 Cal. Rptr. 2d 120 (Cal. App. 4 Dist.

7    2003) the court held that "we begin [to determine the Legislatures

8    intent of a statute] with the words of the statute, giving them

9    their ordinary meaning (Id. at 175-176, In re Christian S. (1994)

10   30 Cal. Rptr. 2d 33, 872 P.2d 574). The Legislature's choice of

11   words is usually the best indicator of its intent (Id. at 123; In

12   re Carr (1998) 65 Cal. App. 4th 1525, 1530, 77 Cal. Rptr. 2d 500;

13   Freedom Newspapers, Inc. v. Orange County Employees Retirement System

14   (1993) 6 Cal. 4th 821, 826, 25 Cal. Rptr. 2d 148, 863 P.2d 218)....

15   The court's cannot "ignore the actual words of the statute in an

16   attempt to vindicate [the court's] perception of the Legislature's

17   purpose in enacting the law (Id. at 123; Murrillo v. Fleetwood Enter-

18   prises, Inc. (1998) 17 Cal. 4th 985, 993, 73 Cal. Rptr. 2d 682,

19   953 P.2d 858). However, in the instant case, this is exactly what

20   the trial court did, relying on cases such as Green  that attempt

21   to vindicate its perception of Legislative intent by ignoring the

22   clear and ordinary meaning of the words in section 667 (d)(1) and

23   adding its own words. "Courts may not rewrite statutes to supply

24   omitted terms or to conform to an assumed, unexpressed legislative

25   intent."[Citation.]. It is, of course, up to the Legislature, and

26   not the courts, to rewrite statutes (Id. at 123; Western/California

27   Ltd. v. Dry Creek Joint Elementary School Dist. (1996) 50 Cal. App.

28

1  4th 1461, 1488, 58 Cal. Rptr. 2d 220; Warmington Old Town Associates

2  v. Tustin Unified School Dist. (2002) 101 Cal. App. 4th 840, 857

3  124 Cal. Rptr. 2d 744). By taking it upon itself to determine that

4  the petitioner's 1990 conviction was a serious felony conviction

5  for the purposes of section 667 (b) to (i) the trial court misapplied

6  the statute and breached the petitioner's contract. Furthermore,

7  he was prejudiced by the fact that without the 1990 strike, he faced

8  a two strike sentence, but with the 1990 strike he was sentenced

9  to an indeterminate sentence.

10

11                            **AMBIGUITY**

12

13      Continuing in Buckley 441 F.3d at 695, the court declared that

14  [a] court must first look to the plain meaning of the agreements

15  language (Cal. Civ. Code §1638, 1644). If the langauge in the contract

16  is ambiguous, "it must be interpreted in the sense in which the

17  promisor believed at the time of making it, that the promisee under-

18  stood it." (Cal. Civ. Code §1649). The inquiry considers not the

19  subjective belief of the promisor, but rather the "objective reason-

20  ableness" expectation of the promisee (Bank of the West v. Superior

21  Court, 2 Cal. 4th 1254, 1265 (1992); Badie v. Bank of Am., 67 Cal.

22  App. 4th 779, 802 n.9 (1998)("Although the intent of the parties

23  determines the meaning of the contract, the relevant intent is

24

25

26

27

28

                                 6

1   objective - that is, the objective intent as evidenced by the words

2   of the instrument, and not a party's subjective intent."(internal

3   Quotation marks and citation omitted)). Courts look to the "objective

4   manifestations of the parties' intent...." In the instant case,

5   the contract revealed in exhibit A is the instrument that contains

6   the words showing the objective intent. And the words do not mention

7   that the conviction in 1990 would be a serious felony conviction -

8   again, a mandatory advisal, if the intent of the court in 1990 was

9   for   the conviction to be one within the meaning of 1192.7(c).

10  Furthermore, the court in 1990 showed its relevant intent by making

11  a part of the agreement the dismissal of all enhancements against

12  the petitioner, thereby indicating its proneness to not alleging

13  serious felony enhancements.

14      Nevertheless, if after this second inquiry the ambiguity remains

15  "the language of a contract should be interpreted most strongly

16  against the party who caused the uncertainty to exist." (Cal. Civ.

17  Code §1654; see also Toscano, 124 Cal. App. 4th at 345 ("ambiguities

18  [in a plea agreement] are construed in favor of the defendant.").

19      In the case at bar, the petitioner does not believe that there

20  is any ambiguity. The terms and consequences were clearly expressed

21  in the contract (Exh. A). And there was no mention or agreement

22  that the 1990 conviction was a serious felony conviction. The bargain

23  was for a six year prison sentence with all enhancements dismissed

24  and the consequences enumerated on the plea form , minus the sub-

25  sequently added consequence: "5 yr. prior."

26      The petitioner acknowledges that the written in portion of

27  the "Consequences of the Plea" stating that one of the consequences

28  was a five year prior may display some ambiguity (See Exh. A at

7

1  #8b.(f)). However, the court in <u>Buckley v. Terhune</u>, 441 F.3d 688

2  (2006) dealt specifically with such an issue.

3      The court in <u>Buckley</u> described conflicting paragraphs in the

4  agreement that created ambiguity. In the first paragraph Buckley

5  agreed to a maximum fifteen year prison sentence. He then initialed

6  and signed the agreement. At a later time the prosecutor added a

7  paragraph which made it appear that Buckley had agreed to a sentence

8  of fifteen years to life in prison (Id. at pp. 691-692). In granting

9  Buckley's habeas corpus for breach of contract, the court held that

10  the added paragraph by the prosecution created ambiguity in the

11  language of the contract, and that "[A]fter finding an ambiguity

12  in the language of a contract, we must next attempt to resolve the

13  uncertainty by looking to the "objective reasonableness" expectations

14  of the promisee (Bank of the West, 2 Cal. 4th at 1265, 10 Cal. Rptr.

15  2d 538, 833 P.2d 545; Cal. Civ. Code §1649; Buckley, supra at p.

16  695). In the petitioner's case, the fact that the 1990 court was

17  willing to dismiss all enhancements - which included 667 (a) priors -

18  and the fact that the terms of the agreement, before the penciled

19  in consequence of a five year prior, did not include the conviction

20  being a serious felony conviction within the meaning of 1192.7(c)

21  the objective reasonable expectation of the petitioner was that

22  the conviction would not be a serious felony conviction.

23      Again, if the language of the contract is ambiguous, it should

24  be interpreted most strongly against the party who caused the uncer-

25  tainty to exist." (Cal. Civ. Code §1654; see also Toscano, 124 Cal.

26  App. 4th at 345). And in the instant case it is obvious that it

27  was the state who added the consequence of a five year prior to

28  the petitioner's agreement. A consequence that was added after the

1  petitioner initialed and signed the agreement. Thus the language

2  of the contract must be interpreted most strongly against the state.

3  Ambiguities in a plea agreement are construed in favor of the defend-

4  ant (Toscano, 124 Cal. App. 4th at 345).

5

6                    **ENACTING SUBSEQUENT LAWS,**
                     **AND ITS EFFECT ON PLEA**
7                    **AGREEMENTS.** _____

8      "[L]aws enacted subsequent to the execution of an agreement",

9  however, "are not ordinarily deemed to become part of the agreement

10 unless its langauge  [in the agreement] clearly indicates this to

11 have been the intention of both parties [citations.]." (City of

12 Torrance v. Worker's Comp. App. Bd. (1982) 32 Cal. 3d 371, 379 185

13 Cal. Rptr. 645, 650 P.2d 1162 (quoting Swenson v. File (1970) 3

14 Cal. 3d 389, 393, 475 P.2d 852). Because the petitioner's contract

15 from 1990 make no determination that the conviction would be a serious

16 felony conviction for any purposes, the use of it is a breach of

17 contract when used for the purposes of section 667(b) to (i), a

18 subsequently enacted law.

19     Though People v. Gipson (12 Cal. Rptr. 3d 478, 481 (Cal. App.

20 5th Dist. 2001) emphasized the state's reserve power to amend a

21 law or enact additional laws, this cannot apply to the petitioner's

22 1990 agreement. Again, there is no indication in the prior agreement

23 that allows for the conviction to be used for any purpose; that

24 the conviction was a serious felony conviction.

25     The court in Gipson held that it is well settled the existing

26 applicable law is part of every contract, the same as if expressly

27 referred to or incorporated in its terms (Id. at 481). However,

28 the court in Buckley v. Terhune, 441 F.3d 688, 699, in relation

                                    9

1  to terms of plea agreements, has in effect overruled this line

2  of reasoning.

3      In <u>Buckley v. Terhune</u>, 441 F.3d 688, 699 the court dealt with

4  an argument similar to the issue in Gipson. The state in Buckley

5  agrued that a determinate fifteen year prison term was not a lawful

6  sentence for second degree murder under California law, indicating

7  that despite the fact that the state agreed to only  a fifteen

8  year sentence, the existing applicable law required a fifteen year

9  to life sentence. In its rejection of the state's argument the

10 Buckley court held that "Consistent or not with the state's sentencing

11 statute, that is the bargain that California made in 1987. Buckley

12 has fulfilled his promises, and it is now too late for the state

13 to argue that it was not in a position to offer him a fifteen year

14 sentence in exchange. As we stated in <u>Brown</u>, addressing an identical

15 argument: "This may be a problem for the state, but not for [the

16 defendant.]", 337 F.3d at 1161" (Id. at 699).

17     Just as in the Buckley case, the petitioner entered into agree-

18 ment with the state in 1990 that did not include the use of the

19 conviction as a serious felony prior conviction for any purposes.

20 At the time he entered the agreement, the existing law dictated

21 that burglary was a serious crime within the meaning of 1192.7(c),

22 and a 667(a) prior conviction. However, the fact that the convict-

23 ion was not determined to be either a serious felony conviction

24 or a 667(a) prior excludes the current court from looking back

25 and determining what the past court intended despite the fact that

26 it did not enumerate those terms in the agreement. The court in

27 1990 made the terms of the plea bargain clear and explicit (not

28 including the later added consequence of a five year prior that

1  the petitioner never agreed to). And it is the clear and explicit

2  langauge of an agreement that governs (Cal. Civ. Code §1636, 1639).

3  In effect, no subsequently enacted law can alter a contract unless

4  the language in the agreement clearly indicates this to have been

5  the intention of both parties (City of Torrance v. Worker's Comp.

6  App. Bd. (1982) 32 Cal. 3d 371, 379 185 Cal. Rptr. 645, 650 P.2d

7  1162 (quoting Swenson v. File (1970) 3 Cal. 3d 389, 393, 475 P.2d

8  852).

9

10  ## BREACH OF CONTRACT

11

12  Where a plea agreement is breached, the purpose of the remedy

13  is, to the extent possible, to "repair the harm caused by the breach."

14  (Toscano, 124 Cal. App. 4th at 345 (citing People v. Kaanehe, 19

15  Cal. 3d 1, 14 (1977)).

16  In Buckley v. Terhune, 266 F.Supp. 2d at 1143, the court des-

17  cribes two available remedies at law for the breach of an agreement:

18  Withdrawal of the plea (i.e. recission of the contract) and specific

19  performance (see also Santobello, 404 U.S. at 263 (posting the

20  same two alternative remedies.)).

21  In the instant case, due process requires that the petitioner

22  be granted specific performance of the terms of the plea agreement

23  (People v. Mancheno (1982) 32 Cal. 3d 855, 860), which in this

24  case means that the 1990 conviction from a plea agreement cannot

25  be used as a strike under 667 (b) thru (i) because it was not a

26  term of the agreement.

27  The petitioner acted on the bargains that he made. He pled

28  guilty and served the agreed upon sentences. In so doing, he has

11

"paid in a coin that the state cannot refund." (Brown v. Poole, 337, F.3d at 1161). Recission of the plea agreement cannot repair the harm caused by the state's breach (see Carter v. McCarthy, 806 F.2d 1373, 1377 (9th Cir. 1986)). That harm can best be addressed by holding the state to its agreements and affording the petitioner the benefit of his bargain, which in this case is vacating the current 35 year to life sentence that is based on the use of the 1990 agreement as a strike, remanding the petitioner to court for resentencing without using the 1990 conviction as a prior felony enhancement (i.e. a strike).

## CONCLUSION

In conclusion, the trial court breached the contract made between the petitioner and the state in 1990 when it determined the prior to be a prior felony conviction for the purposes of section 667 (b) thru (i) without construing or interpreting the plea bargain under contract law, thereby effectively adding terms and consequences of a subsequently enacted law to the petitioner's agreement in breach of contract. And the state's breach has prejudiced the petitioner by making him eligible  to be sentenced to life in prison rather than a determinate sentence.

For the foregoing reasons, the petitioner requests that the court grant the petition, and vacate his sentence of 35 years to life, drop the 1990 strike prior, and resentence the petitioner to a sentence consistent with the crimes charged in the underlying conviction.

PLAINTIFF/PETITIONER/MOVANT'S NAME
Terry Hurn
PRISON NUMBER
J-90989

PLACE OF CONFINEMENT
Correctional Training Facility/Soledad

ADDRESS

P.O. Box 689
Soledad, CA. 93960-0689

# United States District Court
## Southern District Of California

TERRY HURN,

            ,

       Plaintiff/Petitioner/Movant

       v.

BEN CURRY, Warden (A),

            ,

      Defendant/Respondent

Civil No. _____

    (TO BE FILLED IN BY U.S. DISTRICT COURT CLERK)

**MOTION AND DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS**

I,
declare that I am the Plaintiff/Petitioner/Movant in this case. In support of my request to proceed without prepayment of fees or security under 28 U.S.C. § 1915, I further declare I am unable to pay the fees of this proceeding or give security because of my poverty, and that I believe I am entitled to redress.

**In further support of this application, I answer the following question under penalty of perjury:**
1. Are you currently incarcerated?  ...**Yes**  ...No   (If "No" go to question 2)
    If "Yes," state the place of your incarceration Correctional Training Facilty/Soledad
    Are you employed at the institution?  X☐ Yes  ☐ No
    Do you receive any payment from the institution?  X☐ Yes  ☐ No
[Have the institution fill out the Certificate portion of this affidavit and attach a certified copy of the trust account statement from the institution of your incarceration showing at least the last six months transactions.]

CIV-67 (Rev. 9/97)

::ODMA\PCDOCS\WORDPERFECT\22835\l

2. Are you currently employed?   Yes   No
   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
   and address of your employer.

   _I am incarcerated and work in prison._

   b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and
   pay period and the name and address of your last employer.

   _Unknown. I have been incarcerated over 10 years and do not_

   _remember._

3. In the past twelve months have you received any money from any of the following sources?:
   a. Business, profession or other self-employment          Yes   No
   b. Rent payments, royalties interest or dividends          Yes   No
   c. Pensions, annuities or life insurance                   Yes   No
   d. Disability or workers compensation                      Yes   No
   e. Social Security, disability or other welfare            Yes   No
   e. Gifts or inheritances                                   Yes   No
   f. Spousal or child support                                Yes   No
   g. Any other sources                                       Yes   No

   If the answer to any of the above is "Yes" describe each source and state the amount received and what you
   expect you will continue to receive each month.

4. Do you have any checking account(s)?   Yes   X No
   a. Name(s) and address(es) of bank(s):
   b. Present balance in account(s):

5. Do you have any savings/IRA/money market/CDS' separate from checking accounts?   Yes   No
   a. Name(s) and address(es) of bank(s):
   b. Present balance in account(s):

6. Do you own an automobile or other motor vehicle?   Yes   X No
   a. Make:            Year:            Model:
   b. Is it financed?   Yes   No
   c. If so, what is the amount owed?

CIV-67 (Rev. 9/97)                    -2-              ::ODMA\PCDOCS\WORDPERFECT\22835\1

7. Do you own any real estate, stocks, bonds, securities, other financial instruments, or other valuable property?
   Yes    ~~No~~
   If "Yes" describe the property and state its value._____
   _____

8. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.
                              None

9. List any other debts (current obligations, indicating amounts owed and to whom they are payable):
                              None

10. List any other assets or items of value (specify real estate, gifts, trusts inheritances, government bonds, stocks, savings certificates, notes, jewelry, artwork, or any other assets [include any items of value held in someone else's name]):
                              None

11. If you answered all of the items in #3 "No," and have not indicated any other assets or sources of income anywhere on this form, you **must** explain the sources of funds for your day-to-day expenses.

                        I am incarcerated

**I declare under penalty of perjury that the above information is true and correct and understand that a false statement herein may result in the dismissal of my claims.**

DATE 10/22/07                    SIGNATURE OF APPLICANT

If you are a **prisoner** you <u>must</u> have an officer from your institution provide this official certificate as to the amount of money in your prison account.  <u>There are no exceptions to this requirement</u>.

---

### PRISON CERTIFICATE
### (Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant _____,

(NAME OF INMATE)

_____,

(INMATE'S CDC NUMBER)

has the sum of $_____ on account to his/her credit at _____

_____

(NAME OF INSTITUTION)

I further certify that the applicant has the following securities _____

to his/her credit according to the records of the aforementioned institution.  I further certify that **during**

**the past six months** the applicant's *average monthly balance* was $ _____,

and the *average monthly deposits* to the applicant's account was $_____.

<u>ALL PRISONERS **MUST** ATTACH A CERTIFIED COPY OF THEIR TRUST ACCOUNT</u>
<u>STATEMENT SHOWING TRANSACTIONS FOR THE SIX-MONTH PERIOD</u>
<u>IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT PER 28 U.S.C. § 1915(a)(2).</u>

10/22/07
_____
DATE

_____
SIGNATURE OF AUTHORIZED OFFICER OF INSTITUTION

_____
OFFICER'S FULL NAME (PRINTED)

_____
OFFICER'S TITLE/RANK

## TRUST ACCOUNT WITHDRAWAL AUTHORIZATION
### (Incarcerated applicants only)

(This form **MUST** be completed by the prisoner requesting to proceed in forma pauperis. An incomplete "Trust Account Withdrawal Authorization Form," or "Prison Certificate" will result in automatic denial of the prisoner's request to proceed in forma pauperis.)

I, Terry Hurn, J-90989                          , request and authorize the agency holding me in
(Name of Prisoner/ CDC No.)
custody to prepare for the Clerk of the United States District Court for the Southern District of California, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) activity at the institution where I am incarcerated.

I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust fund account (or institutional equivalent) pursuant to any future orders issued by the Court relating to this civil action pursuant to the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321 (1996).

This authorization is furnished in connection with a civil action filed in the Southern District of California, and I understand that, pursuant to 28 U.S.C. §§ 1914 and 1915(b)(1), the total amount of filing fees for which I am obligated is either ☐ $150 (civil complaint) or ☐ $5 (habeas corpus petition) (check one). I also understand that this fee will be debited from my account regardless of the outcome of this action. This authorization shall apply to any other agency into whose custody I may be transferred.

DATE  10/22/07               _____
                                            SIGNATURE OF PRISONER

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____ Terry Hurn _____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

> Terry Hurn _____, CDCR #:J-90989 _____
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 689, CELL #: DW2I7Up _____
> SOLEDAD, CA  93960-0689.

On _____, I served the attached:

Petition For Writ of Habeas Corpus/Motion and Declaration Under
_____
Penalty of Perjury In Support Of Motion To Proceed In Forma
Pauperis

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

United States District Court
Southern District of California
880 Front Street #4290
San Diego, CA. 92101-8900

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on 10/22/07 .

_____
Terry Hurn, In Pro Per
_____
Declarant

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**FILED**
OCT 29 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**

Terry Hurn

2254  1983

**FILING FEE PAID**
Yes ___ No ___

**IFP MOTION FILED**
Yes ___ No ___

**COPIES SENT TO**
Court ___

Ben Curry, Warden

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Terry Hurn
PO Box 689
Soledad, CA 93960
J-90989

**ATTORNEYS (IF KNOWN)**

'07 CV 2067 H   PCL

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):

JUDGE

Docket Number

DATE    10/29/2007

SIGNATURE OF ATTORNEY OF RECORD

R. Muller